13 CV          75

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LAMONT BANNER, DWAYNE
CARTWRIGHT, and MYRON FULTON,

                  Plaintiff.

    -against-

THE CITY OF NEW YORK and POLICE
OFFICER LEONARDO DEOLIVEIRA,
and POLICE OFFICER
JOHN DOE, Individually and in
their Official Capacities,

              Defendants.
-------------------------------------------------------x

**COMPLAINT
AND DEMAND FOR
JURY TRIAL**



Plaintiffs, LAMONT BANNER, DWAYNE CARTWRIGHT, and MYRON FULTON,

by and through their attorneys, **Fisher, Byrialsen & Kreizer PLLC**, complaining of the

defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, for the wrongful acts of

Defendants THE CITY OF NEW YORK, POLICE OFFICER LEONARDO DEOLIVEIRA and

POLICE OFFICER JOHN DOE, as Officers of the New York City Police Department, acting

under color of state law and pursuant to their authority, in violation of Plaintiffs' rights secured

by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981, 1983, 1985, 1988; by the United States

Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws

and Constitution of the State of New York.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

4. Plaintiffs further invoke this Court's pendent jurisdiction over any and all state-law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## NOTICE OF CLAIM

6. Plaintiffs each filed a Notice of Claim with the City of New York on or about January 9, 2012, within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notices of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

7. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

8. At all times relevant hereto Plaintiff Lamont Banner was and is a resident of New York, New York.

9. At all times relevant hereto Plaintiff Dwayne Cartwright was and is a resident of New York, New York.

10. At all times relevant hereto Plaintiff Myron Fulton was and is a resident of New York, New York.

11. At all times relevant hereto defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12. At all times relevant to this action, Defendants Police Officer LEONARDO DEOLIVEIRA and Police Officer John Doe, are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacities.

13. At all times relevant hereto and in all their actions described herein, the Defendants Officer LEONARDO DEOLIVEIRA and Officer John Doe were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

3

14. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants and/or employees of the NYPD. They are being sued both in their individual and official capacities.

## FACTS

15. On October 11, 2011 plaintiffs, who are all African American males, attended a birthday party of Mr. Fulton's cousin.

16. The plaintiffs were each invited guests at the party, which was held at Mr. Fulton's cousin's apartment, located at 2055 Eighth Avenue.

17. At approximately 11:00 p.m. Mr. Banner and Mr. Cartwright left the birthday party to return home.

18. When Mr. Banner and Mr. Cartwright approached the exit of the building, each was grabbed by an officer of the NYPD.

19. The officer who grabbed Mr. Banner patted him down and asked if he had anything on him.

20. Mr. Banner replied that he did not have anything on him.

21. The officer then proceeded to handcuff Mr. Banner.

22. Mr. Cartwright was grabbed by another NYPD officer who asked him what was going on and threatened to break Mr. Cartwright's jaw.

23. Approximately ten minutes after Mr. Cartwright and Mr. Banner left the party, Mr. Fulton left the apartment and walked towards the exit of the building.

24. When Mr. Fulton approached the exit he was stopped by the officers and arrested.

25. At the time of and prior to their arrests, none of the plaintiffs had engaged in any illegal or suspicious activities.

4

26. The plaintiffs were then aggressively escorted to the police van and transported to the 32nd precinct.

27. Each of the plaintiffs was subjected to an invasive strip search at the precinct.

28. Nothing was found on any of the plaintiffs during any of the searches.

29. Each of the plaintiffs was detained at the precinct for approximately eight hours.

30. While they were at the precinct, the plaintiffs advised the officers that they were invited guests at the home of Mr. Fulton's cousin who lived in the building where they were arrested.

31. The plaintiffs were then transported to Manhattan Central Booking.

32. After being wrongfully detained until approximately 8:00 p.m. on October 12, 2011, each plaintiff was charged with Criminal Trespass in the 2nd degree in violation of N.Y.P.L. § 140.15(1) and Criminal Trespass in the Third Degree in violation of N.Y.P.L. § 140.10(a).

33. Each plaintiff was released on his own recognizance.

34. Mr. Fulton returned to court two times.

35. When Mr. Fulton returned to court on October 19, 2011 his case was dismissed on motion of the Office of the District Attorney.

36. Mr. Cartwright and Mr. Banner each returned to court three times.

37. When Mr. Cartwright and Mr. Banner returned to court on December 1, 2011 each plaintiff's case was adjourned in contemplation of dismissal.

38. On January 9, 2011, and within ninety (90) days of the incident, a Notice of Claim on behalf of each Plaintiff was served upon NYC.

5

39. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

40. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

41. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

42. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

43. All of the aforementioned acts deprived plaintiffs of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

44. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

6

46. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

47. By these actions, these Defendants have deprived Plaintiffs of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, 1985 and 1988 for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST

48. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49. As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

50. As a result of the false arrests, Plaintiffs were subjected to severe emotional distress, humiliation, ridicule, and disgrace and were deprived of liberty.

51. All of the aforementioned acts of the Defendants constituted false arrest under the laws of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

52. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

53. As a result of their false imprisonment, Plaintiffs were subjected to severe emotional distress, humiliation, ridicule, mental anguish and disgrace and were deprived of liberty.

54. All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION

55. Plaintiff Fulton repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

56. By the actions described above the defendants maliciously and without probable cause, prosecuted Plaintiff Fulton. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law right as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## FIFTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

58. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

59. Defendant Police Officers stopped, searched and arrested Plaintiffs without reasonable suspicion or probable cause, notwithstanding their knowledge that said actions would jeopardize Plaintiffs' liberty, well-being and constitutional rights.

60. The acts complained of were carried out by the aforementioned Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

61. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

62. The aforementioned customs, policies, usages, practices, procedures, and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

63. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiffs.

64. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

65. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

9

66. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

67. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiffs' constitutional rights.

68. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from the excessive use of force and unreasonable force and freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1981, 1983, 1985, 1988 and the Constitution and laws of the State of New York.

69. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

    a.  Not to be deprived of liberty without due process of law;

    b.  To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

    c.  To be protected against violations of civil and constitutional rights;

    d.  Not to have cruel and unusual punishment imposed upon them; and

    e.  To receive equal protection under the law.

## SIXTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

71. Defendant police officers engaged in extreme and outrageous conduct beyond all possible bounds of decency when they threatened, harassed and arrested the Plaintiffs.

72. Defendants' extreme and outrageous conduct was intended to inflict severe distress upon Plaintiffs.

73. The Defendant officers' outrageous conduct did inflict severe distress upon Plaintiffs, which caused Plaintiffs to suffer anxiety and mental anguish.

74. All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SEVENTH CLAIM FOR RELIEF:
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## UNDER 42 U.S.C. § 1983, 1985, 1986

75. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

76. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure plaintiffs in their person and property and deprive plaintiffs of their First, Fourth, Fifth and Fourteenth Amendment rights. The defendants jointly caused such deprivation of rights by acting in concert to disseminate false information concerning the plaintiffs and by disseminating false information

11

that lacked any reasonable basis or probable cause to support it that the plaintiffs committed a crime, and/or to charge them with a crime, and/or to arrest them.

77. The defendants further deprived the plaintiffs of their due process rights specifically by conspiring to and assisting in the arrest of the plaintiffs without probable cause and participating in the prosecution of plaintiffs; by denying the plaintiffs their First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiffs of their liberty and taking their property without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the plaintiffs from being compensated for their wrongful arrest, for the loss of their constitutional rights, and for the emotional harm they incurred.

78. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, excessive force and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

79. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

80. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiffs were violative of their First, Fourth, Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiffs' fundamental rights under the Constitution.

12

81. Said defendants had the power to prevent the continued due process violations against the plaintiffs, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiffs, and/or to protect the plaintiffs from the unwarranted and potential harm and penalties of said charges.

82. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiffs of their federal civil and constitutional rights, in violation of 42 U.S.C. § 1985.

83. All of the aforementioned acts of Defendants constituted a violation of Plaintiffs' civil rights provided to them under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs each demand judgment and pray for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS for each plaintiff; and

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) DOLLARS for each plaintiff; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:     New York, New York
           January 2, 2013

13

Respectfully submitted,

Alissa Boshnack, Esq. (AB0977)
FISHER, BYRIALSEN & KREIZER PLLC
*Attorney for Plaintiff*
291 Broadway, Suite 709
New York, New York 10007